CLYBURN (STRACHEN v.). See Case No. 13,520.

CLYDE, The REBECCA. See Cases Nos. 11,-621 and 11,622.

## Case No. 2,912.

### CLYMER v. CENTRAL R. CO.

[5 Blatchf. 317.][1]

Circuit Court, S. D. New York. May 26, 1866.

NEGLIGENT OPERATION OF RAILROAD TRAIN UPON TRACK OF ANOTHER COMPANY.

Where a railroad train, while moving on a track belonging to one railroad company, is in the exclusive charge of the servants of another railroad company, the former company is not responsible for the negligence of the servants of the latter company in conducting such movement of the train.

At law. This was an action to recover damages for an injury received by the plaintiff [William S. Clymer] in December, 1864, through the alleged negligence of the servants of the defendants [the Central Railroad Company of New Jersey], while in a car attached to a through stock train upon the track of the defendants' railroad. The train was made up at Harrisburg, Pennsylvania, and was on its way to the city of New York. The route was over several distinct railroads, the last one of the line being the road of the defendants. That road commenced at the eastern end of the bridge which spans the Delaware river, between Easton, Pennsylvania, and Phillipsburg, New Jersey. That bridge belonged exclusively to the Lehigh Valley Railroad Company. The train upon which the plaintiff was a passenger, with his stock, passed over the Lehigh Valley road, in charge of the agents and servants of that road, and crossed the bridge at Easton, and passed on to the track of the defendants' road. It followed on that track for about 200 rods, when a switch was turned by a switchman in the employ of the defendants, forming a communication to a side track upon which the train was to be backed, where it was to be left by the agents of the Lehigh Valley road, and from which it was subsequently taken by the defendants. There were one or two coal cars standing on the rear end of this side track, and of this fact the switchman gave notice to those in charge of the backing train. The presence of cars on this side track was a common occurrence. The conductor from the Lehigh Valley road backed his train, as usual, upon the side track, preparatory to unhitching his engine, and returning to Easton with all those servants of the Lehigh Valley road who had been engaged on the train. But, in backing down the train on the side track, he moved it too far, or too fast, or both, and came in contact with the coal cars referred to. The shock of the collision was not severe, but the effect on the plaintiff, who was lying down, with his head bent forward toward his breast, was such that it inflicted a serious injury on him, probably injuring his spinal marrow, to such an extent that he suffered severely in his general health, and had not yet recovered.

SHIPMAN, District Judge (charging jury). The circumstances proved are such as would warrant the jury in finding a verdict for the plaintiff, were the proper defendants before the court. But, in the view I take of the case, no recovery can be had, on these facts, against these defendants. The train in question was still in the exclusive charge of the agents and servants of the Lehigh Valley Railroad. They had brought the train over that road, and were on the road of the defendants with it, for the purpose of delivering it over to the servants of the defendants. The servants of the Lehigh Valley road still had charge of it, and controlled all its movements, and they, or that road, alone must be held responsible for injuries resulting from any negligence in conducting its movements. The bare fact that they were moving the train over a portion of the track belonging to the defendants cannot make the latter responsible for the negligence of the servants of the other road. It is for this negligence alone that the suit is brought, and not for any obstructions on, or defect in, the track of the defendants' road. Your verdict must, therefore, be for the defendants.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]